UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL GRAHAM,

                Petitioner,

    -against-                    MEMORANDUM & ORDER
                                    11-CV-0757 (JS)

MICHAEL SPOSATO,

                Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner:    Michael Graham, pro se
                    10005397
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Respondent:    No appearances.

SEYBERT, District Judge:

        Pro se Petitioner Michael Graham ("Petitioner") petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Graham's Petition, the Court sua sponte DISMISSES IT WITHOUT PREJUDICE.

## DISCUSSION

        A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394

F.3d 68, 73 (2d Cir. 2005). Additionally, the petitioner must "fairly present[]" these claims in the state court, without procedurally defaulting on them. Id.

Petitioner has seemingly not exhausted his state court remedies. According to his handwritten statement of facts, Petitioner was unlawfully arrested on drug charges on June 16, 2010 and has been incarcerated ever since. There is no suggestion that Petitioner has taken a direct appeal of his conviction or made any requests for post-conviction relief of any kind. Indeed, it is not clear that Petitioner has even been convicted of a crime. And, because this petition was filed approximately just eight months after his arrest, it is hard to imagine how Petitioner could have exhausted his remedies in such a short time. Consequently, Petitioner fails to plead a § 2254 habeas claim, and the Court must sua sponte dismiss it on that basis. See Nash v. Evans, 10-CV-0361, 2010 WL 1423196, at *2 (N.D.N.Y. April 9, 2010).

Petitioner may re-file his claim once he fully exhausts it in state court. But, for now, this case is DISMISSED WITHOUT PREJUDICE, and the Court will not issue a Certificate of Appealability. The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March  15 , 2011
           Central Islip, New York